IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AMERICAN PHYSICIANS ASSURANCE CORPORATION,**

    Plaintiff,

vs.                                                Civ. No. 08-638 PJK/ACT

**DONALD JAMES HAM, MD, et al.,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Motion for Protective Order for Deposition of Thomas R. Rushton, Chief Deputy Superintendent of Insurance ("Motion for Protective Order for Deposition of Rushton") filed June 2, 2009 [Doc. 94], Motion for Protective Order for Subpoenaed Documents ("Motion for Protective Order") filed June 9, 2009 [Doc. 101] and Dr. Ham and Alamogordo's Clinic's Cross-Motion to Compel the Production of Documents and to Appear for Deposition ("Cross-Motion") filed June 16, 2009 [Doc. 107].

The three motions are interrelated. Thomas R. Rushton, Chief Deputy Superintendent of Insurance, objects to the documents requested in an Amended Subpoena Duces Tecum. Erla Lutz, in the Motion for Protective Order, objects to producing a copy of her insurance policy. Defendants, in the Cross-Motion, request the court to compel Rushton to appear for his deposition and that he produce the documents listed in the Amended Subpoena Duces Tecum.

Rushton has agreed to appear for his deposition. Thus, his appearance is not at issue.

The Amended Subpoena Duces Tecum request documents in two categories. The first three items relate to the relationship between the Patient Compensation Fund ("PCF") and the Plaintiff, American Physicians Assurance Corporation ("APA"). The second three relate to the relationship between PCF and its claims administrator. Defendants state that Rushton "has alleged that no documents exist in first category...." [Doc. 106.] [1] On this basis, the Court will not address the first three items. If indeed there are documents responsive to these three requests, counsel for PCF must notify the Court.

The second three items are:

- All contracts between the PCF or the New Mexico Department of Insurance and Erla Lutz from January 1, 2005, to present.

- All applicable insurance policies in effect during the Estate of Cardon v. Ham litigation, to include all endorsements naming the PCF and/or Erla Lutz as additional insured(s).

- All "documents and communications" and emails concerning the policies, procedures and agreements between Erla Lutz and the PCF or the New Mexico Department of Insurance.

Rushton and Lutz object to the production of these documents on the grounds that the subpoenas are overly broad, vague, not limited in time, scope or subject, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

The scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34. *Goodyear Tire & Rubber Co., v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003). Rule 26(b) defines the scope of discoverable information:

---

[1] Also, in the briefs Rushton asserts on two occasions that "there are no documents responsive to several of the categories." [Doc. 94 and 120.] However Rushton, curiously, did not specify which categories.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense....For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevance in discovery is broadly construed, and a request for discovery should be allowed if there is any possibility that the information sought may be relevant to the claim or defense of any party. *Johnson v. Kraft Foods North America, Inc., 238 F.R.D. 648, 653 (D. Kan. 2006)*. A request for discovery is irrelevant only where it is clear that the information sought can have no possible bearing on the claim or defense of a party. *Id.*

The facts of the underlying case can be summarized as follows. On July 15, 2004, Dr. Donald James Ham ("Ham") performed cataract surgery on Martha Cardon. During the surgical procedure, she suffered a myocardial infarction and died ten days later. Her Estate sued Ham and the Alamogordo Eye Clinic, Inc., ("AEC"). On May 23, 2008, a jury returned a verdict in favor of the Estate and against Ham and AEC. The verdict form completed by the jury reflects a compensatory damages award of $95,059.43 and a punitive damages award of $6,000.000.

This action is a declaratory judgment filed by APA against Ham and AEC related to a policy of insurance. APA seeks a declaration concerning the parties' respective rights and obligations under the applicable policy of insurance and Ham and AEC seeks an award of damages relating to APA's alleged bad faith in discharging its obligations under the policy.

Defendants assert that initially they were going to name the PCF, Rushton and Lutz as named third party defendants for their failure to settle the underlying litigation within policy limits. Defendants further claim that PFC's representation that it had no insurance was key to

3

Defendants' agreement to settle with the PFC.[2] [Doc. 113.] Counsel for Defendants sent a letter to counsel for PCF requesting "copies of all insurance(sic)." Counsel for PCF represented to counsel for the Defendants that PCF had no insurance or reinsurance. Defendants assert they relied on these representation when they settled with the PCF. On April 19, 2009, Lutz testified at her deposition that her contract with PCF requires her to carry an errors and omissions policy. In her errata sheet to her deposition Lutz corrected her original testimony to state that the Department of Insurance was not an additional insured under her policy. [Doc. 122, Exh. C.]

The record before the Court demonstrates the following involvement by PCF in the underlying matter: PCF was advised by APA regarding mediation efforts; a representative of the PCF attended most of the trial; and during jury deliberations, defense counsel called the representative of the PCF to advise them of a jury question. [Doc. 113, Exh. 2.] Based on these facts the Defendants believe that it is reasonable to assume that APA will attempt to apportion some fault to the PCF for failure to settle the underlying case. Based on the foregoing facts the Court finds that production of the documents requested may lead to the discovery of admissible evidence.

**IT IS THEREFORE ORDERED** that the Motion for Protective Order for Deposition of Thomas R. Rushton, Chief Deputy Superintendent of Insurance [Doc. 94] is granted in part and denied in part; Motion for Protective Order for Subpoenaed Documents [Doc. 101] is denied; and Dr. Ham and Alamogordo's Clinic's Cross-Motion to Compel the Production of Documents and to Appear for Deposition [Doc. 107] is granted in part and denied in part.

---

[2] Defendants settled with the PFC, the Department of Insurance of the State of New Mexico, Rushton, Lutz and others. [Doc. 122, Exh. A.]

**IT IS FURTHER ORDERED** pursuant to the Amended Subpoena Duces Tecum that:

1. Thomas R. Rushton appear for his deposition at a mutually agreed upon time and date;

2. Thomas R. Rushton will produce at least five (5) days before his deposition, copies of all contracts between the PCF or the New Mexico Department of Insurance and Erla Lutz which were in effect during the pendency of the Estate of the Cardon v. Ham litigation (compensation or other confidential information may be redacted);

3. Thomas R. Rushton will produce at least five (5) days before his deposition a copy of the policy referred to by Erla Lutz at page 107 of her deposition taken on April 17, 2009; and

4. Thomas R. Rushton will produce at least five (5) days before his deposition copies of any communications, written policies or written procedures that relate to the duties of Erla Lutz or any other adjuster to the PCF or the Department of Insurance regarding the evaluation and potential settlement of any medical malpractice claim against a "qualified health care provider" covered by the PCF for the period of January 1, 2004, through December 2, 2008.

**FINALLY, IT IS ORDERED** that requests to compel any additional documents in the Amended Subpoena Duces Tecum are denied

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**