IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AMERICAN PHYSICIANS ASSURANCE CORPORATION,**

        Plaintiff,

vs.                                           Civ. No. 08-638 PJK/ACT

**DONALD JAMES HAM, MD, et al.,**

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Second Motion to Compel Discovery and for other Relief ("Plaintiff's Second Motion to Compel") filed May 18, 2009 [Doc. 86] and Dr. Ham and Alamogordo Eye Clinic's Motion to Amend Their Responses to Requests for Admissions ("Defendants Motion to Amend") filed June 5, 2006 [Doc. 97]. Plaintiff is requesting an order striking Defendants amendments and supplemental responses to Plaintiff's request for admissions ("RFA"). Defendants are seeking leave to amend and supplement their responses to Plaintiff's RFAs Nos. 1 and 6. Upon review of the pleadings and the relevant law, the Court finds that Plaintiff's Second Motion to Compel Discovery and for other Relief is not well taken and will be denied and Dr. Ham and Alamogordo Eye Clinic's Motion to Amend Their Responses to Requests for Admissions is well taken and will be granted.

Plaintiff filed its Complaint on July 9, 2008. A scheduling conference was held on January

1

12, 2009 [Doc. 51]. It appears from the docket that Plaintiff served RFAs on Dr. Ham on February 4, 2009 [Doc. 55]. Dr. Ham responded. On April 24, 2009, Dr. Ham served "Amended and Supplemental Answers" to APA's written discovery which included RFAs. Defendants assert that their amended and supplemental responses were necessary due to facts ascertained during discovery but after they initially responded to the RFAs. Plaintiff asserts Defendants' amendments and supplemental responses permit the Defendants "to present a constantly moving target" and that Defendants' request is untimely. [Doc. 122 at 1.]

Federal Rule of Civil Procedure 36(a) provides that "[a] party may serve upon any other party a written request for the admission" of the truth of certain matters. "A court may permit withdrawal or amendment of the admission when (1) the presentation of the merits of the action will be subserved thereby, and 2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Raiser v. Utah County*, 409 3. 1243, 1246 (10th Cir. 2005) (citations and internal quotations omitted.) Rule 36(b)'s provision for withdrawal or amendment of an admission "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed.R.Civ.Pro. 36(b) Advisory Committee Notes (citation omitted).

Defendants are seeking to amend their answers to two of APA's RFAs on the grounds that after their initial responses, discovery revealed information that contradicted their initial responses.

**Request for Admission No. 1**.

Plaintiff's RFA No. 1 asks the Defendants to admit that "the Estate never offered to settle

its claims against Dr. Ham and AEC in the Underlying Litigation for $200,000." In Defendants' original response submitted March 13, 2009, they admitted in part and denied in part without specifying what they were admitting or stating why they could neither admit or deny the request. Defendants claim that at the time of their initial response they were not aware of a $200,000 offer to settle the claims. On April 17, 2007, Erla Lutz ("Lutz"), claims administrator for the Patients' Compensation Fund ("PCF"), stated in her deposition that an offer to settle for $600,000 plus actual damages is an offer for $200,000 from the insurance carrier and a $400,000 payment from the PCF. Defendants also took the deposition of Michael Demers, a claims adjuster for the Plaintiff. He testified that during a mediation the Estate tried to get Plaintiff to pay their $200,000 and then the Estate would attempt to settle separately with the PCF. Plaintiff contends this was not an offer to settle for $200,000 since the Estate would not agree to release Dr. Ham and AEC unless the PCF also paid $400,000 plus expenses (for a total settlement of $700,000).

Whether the Estate's offer to take Plaintiff's $200,000 and "then settle with Erla" constitutes an offer to settle for Plaintiff's $200,000 is an issue that will have to be settled at trial. However, Defendants are entitled to assert their position in the form of a denial of Plaintiff's RAF No. 1 based on the deposition testimony that was obtained after their initial response.

### Plaintiff's Request for Admission No. 6.

RFA No. 6 requests the Defendants to admit that "APA paid all bills and invoices for legal services associated with the defense of Dr. Ham and/or AEC in the Underyling Litigation." In Defendants' original response, Defendants admitted in part and denied in part because of the

other legal bills Defendants incurred related to the underlying litigation.  Defendants' claim documents subsequently produced from Lutz' file as well as her testimony revealed the Plaintiff refused to pay or attempted to avoid incurring several defense-related expenses of Defendants defense counsel, Lynn Sharp.  Marc Bernstein, claims adjuster for the Plaintiff, also testified that the Plaintiff took some actions to cut costs related to juror interviews.  Mr. Sharp's bills regarding this matter were ultimately paid.  At a minimum there may have been a delay in getting the bills paid (see testimony of Mark Bernstein at page 121). Plaintiff also had a practice of cutting Mr. Sharp's bills (see testimony of Mr. Demers at page 126.).  Given the confusing testimony, Defendants should be allowed to assert their denial to RFA No. 6.

Plaintiff asserts that an amendment should not be permitted unless the admission would "concede[d] the core elements of the case." [Doc. 112 at 6.] Plaintiff's argument is without merit.  Other factors should also be considered by the Court.

> In considering whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case. (Citation omitted.)  The court may allow amendment or withdrawal of an admission when an admission is no longer true because of changed circumstances or when through an honest error a party has made an improvident admission. (Citations omitted).

*Ropfogel v. U.S.*, 138 F.R.D. 579, 583 (D. Kan. 1991).

In this matter, the amendments promote a decision on the merits because the RFAs relate to central issues in dispute in this matter.  The presentation on the merits is subserved by the amendments by the Defendants presenting their version of the facts and still allowing the Defendants the opportunity to litigate its position on these issues.

Plaintiff has failed to show it will be prejudiced by the amendments.  Plaintiff asserts it is prejudiced because the motion is untimely.  Specifically, Plaintiff asserts that Defendants should

have filed a motion to amend their responses to the RFAs prior to filing their amended responses.  Plaintiff also asserts it is prejudiced because it had to file a second motion to compel and respond to this motion in which Defendants never conferred with Plaintiff as required by D.N.M.LR-Civ. 7.1.[1]  Finally, Plaintiff argues that the amended responses are "slippery responses." [Doc. 112 at 6.] These assertions do not demonstrate prejudice.  "The prejudice contemplated by rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth.  Something more is required." *Raiser*, 409 F.3d at 1246.  The prejudice that Rule 36(b) contemplates "relate[s] to the difficulty a party may face in proving its case, e.g., caused by the unavailabililty of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." *Id*.  (Citation and internal quotations omitted).   Plaintiff has demonstrated no such prejudice.

In Plaintiff's Second Motion to Compel Plaintiff is seeking an order striking Defendants "Amended and Supplemental Answers" to Plaintiff's Request for Admission Nos. 1-6 and 8-9.  RAFs Nos. 1 and 6 are addressed above.   The responses to RAFs Nos. 3,5,7 and 9 did not change but were supplemented with additional information following the deposition of Lutz as discussed above.   The responses to RAFs Nos. 2,4, and 8 were changed from denials or denials in part to admissions.  For the reasons discussed above, the Court will permit the Defendants' amendments and supplements to their responses. In addition, the Court finds that the amended and supplemental responses are sufficient and comply with Rule 36.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Compel Discovery

---

[1] The Court is also aware that Defendants did not comply with D.N.M.LR-Civ. 7.1 which requires a "recitation of a good-faith request for concurrence."  However Plaintiff is not prejudiced by Defendants' after the fact request to amend their responses and Plaintiff cannot seriously contend it would have concurred in Defendants' Motion to Amend since it was filed in response to Plaintiff's Second Motion to Compel in which the parties did confer concerning the same issues raised in Defendants' Motion to Amend. [Doc. 86 at 1-2.]

and for other Relief [Doc. 86] is denied and Dr. Ham and Alamogordo Eye Clinic's Motion to Amend Their Responses to Requests for Admissions [Doc. 97] is granted.

**IT IS FURTHER ORDERED** that Defendants "Amended and Supplemental Answers" to Plaintiff's Requests for Admissions are sufficient and comply with Federal Rule of Civil Procedure 36.

						_____
						**ALAN C. TORGERSON**
						**UNITED STATES MAGISTRATE JUDGE**