IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION,<br><br>    Plaintiff-Counter-Defendant,<br><br>v.<br><br>DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC.,<br><br>    Defendants-Counter-Plaintiffs,<br><br>and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ,<br><br>    Defendant. | No. 1:08-cv-638 PK/ACT |

ORDER

THIS MATTER comes on for consideration of certain pending motions: (1) Plaintiff's Motion for Summary Judgment Regarding Claim for Declaratory Relief filed June 8, 2009 (Doc. 98); (2) Defendants' Motion for the Certification to the Supreme Court of New Mexico filed August 11, 2009 (Doc. 145), and (3) Defendants' Cross-Motion for Summary Judgment filed September 9, 2009 (Doc. 154). Upon consideration thereof, the court finds that the motions should be denied.

(1) <u>Background.</u>  Plaintiff-Counter-Defendant American Physicians Assurance Corporation ("APA") seeks a declaratory judgment concerning its rights and obligations under a certain Physicians and Surgeons Professional Liability Policy issued by APA and in effect from July 15, 2004 to July 14, 2005.  The policy covered Defendants-Counter-Plaintiffs Dr. Ham and Alamogordo Eye Clinic, Inc. (AEC) and provided for a maximum combined limit of $200,000 per occurrence.  On July 15, 2004, Dr. Ham performed cataract surgery on Martha Cardon, who suffered a myocardial infarction during the procedure and died ten days later.  Her estate commenced litigation against Dr. Ham and AEC, which resulted in a verdict in favor of Ms. Cardon's estate on May 23, 2008.  Specifically, the jury's special verdict form indicated a compensatory damages award of $95,059.39 and a punitive damages award of $6 million.  Judgment was entered on July 2, 2008.

In a counterclaim, Dr. Ham and AEC seek a declaratory judgment concerning the rights and liabilities under the policy including a policy limits tender once deposited with the state court.  Doc. 34 at 5-6.  They also claim that APA (1) breached the insurance contract by refusing to post a bond on the interest portion of the judgment and (2) acted in bad faith in failing to settle the case within policy limits, leaving them exposed to an excess judgment.  Doc. 34 at 6-7, 8-9.  The counterclaim also contains a claim for violation of the New Mexico Insurances Practices Act and a request for a constructive trust.  Doc. 34 at 7-8, 9.

(2) <u>Grounds.</u>  In its summary judgment motion, APA seeks a declaratory judgment on the following issues:

- APA had no obligation to apply for or furnish an appellate bond.

- The policy unambiguously excludes coverage for punitive damages.

- APA's cost obligation is limited to $68,174.41, the total of costs taxed against the insured.

- APA's obligations under the Policy were satisfied when it deposited the $200,000 Policy limit with the court, including any obligations to pay interest or post-deposit defense costs.

- APA is entitled to an award in the amount of $45,161.81, reflecting reimbursement of the difference between its $200,000 deposit and its financial obligation of $198,301.18 under the Policy terms, and reimbursement in the amount of $43,462.99, for defense attorney's fees and costs paid after the Policy limit deposit.

Doc. 98 at 5-10.  Dr. Ham and Alamogordo Eye Clinic, Inc. (AEC) seek partial summary judgment that:

- New Mexico would embrace the rule that an insurer's duty to defend the insured is not exhausted merely by tendering policy limits prior to an appeal.

- APA's deposit of $200,000 with the state court did not constitute a payment of a judgment or settlement that would exhaust the applicable limit of the insurer's liability.

- APA failed to factually exhaust the policy limits.

- New Mexico would embrace the rule that an insurer has a duty to assist in the procurement of an appeal bond where there are reasonable grounds for an appeal.

Doc. 154 at 1.  In addition, Dr. Ham and AEC urge the court to certify several questions to the New Mexico Supreme Court concerning an insurer's duty to defend, assist in obtaining an appeal bond, and appealing an adverse judgment.  Doc. 145 at 2-3.

(3) Disposition.  The parties' submissions have been evaluated in accordance with Fed. R. Civ. P. 56(c) and the standards set forth in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), and Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  While it is clear that the insurance policy in question does not cover punitive damages, certain factual disputes will require a trial.

The court is unpersuaded at this time that certification is appropriate.  New Mexico authority suggests "that an insurer has a fiduciary duty to file and prosecute an appeal, absent a policy provision to the contrary, where there are reasonable grounds to believe substantial interests of the insured may be served or protected."  Sanchez v. Kirby, 40 P.3d 1009, 1011-12 (N.M. Ct. App. 2001); see also 22 Holmes' Appleman on Insurance 2d § 136.11 at 84-85 (2003).  The court would note that given a ratio of punitive to compensatory damages that is 63.1 to 1, Dr. Ham and AEC have a strong argument that reasonable grounds for an appeal existed.  See Docs. 141 at 14 & 175 at 5; Campbell v. State Farm, 538 U.S. 408, 425 (2003) ("few awards exceeding a single digit ratio between punitive and compensatory damages . . . will satisfy due process").

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) Plaintiff's Motion for Summary Judgment Regarding Claim for Declaratory Relief filed June 8, 2009 (Doc. 98) is denied;

    (2) Defendants' Motion for the Certification to the Supreme Court of New Mexico filed August 11, 2009 (Doc. 145) is denied; and

    (3) Defendants' Cross-Motion for Summary Judgment filed September 9, 2009 (Doc. 154) is denied.

    DATED this <u>28th</u> day of October 2009, at Santa Fe, New Mexico.

                                        /s/ Paul Kelly, Jr.
                                        United States Circuit Judge
                                        Sitting by Designation

Counsel:

Harry Jesse Jacobus III, Jennifer G. Anderson, and Tim L. Fields, Modrall, Sperling, Roehl, Harris & Sisk PA, Albuquerque, New Mexico, for Plaintiff-Counter-Defendant.

Mark C. Dow and Simone M. Seiler, Bauman, Dow & Leon, PC, Albuquerque, New Mexico, for Defendants-Counter-Plaintiffs.