IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, | |
| Plaintiff-Counter-Defendant, | No. 1:08-cv-638 PK/ACT |
| v. | |
| DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC., | |
| Defendants-Counter-Plaintiffs, | |
| and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ, | |
| Defendant. | |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants-Counter-Plaintiffs' Motion to Amend Counterclaims and Add Third Party Complaint filed October 15, 2009 (Doc. 174). Upon consideration thereof, the motion is not well taken and should be denied.

(1) <u>Background.</u>  Having settled with the Patients Compensation Fund (PCF), its adjuster, Erla Lutz, and other parties, in October 2008, Doc. 185, Ex. A, Defendants-Counter-Plaintiffs ("Defendants") now seek to add Ms. Lutz as a third-party defendant

and sue her for violation of the New Mexico Insurance Practices Act, as well as add additional claims against Plaintiff-Counter-Defendant APA ("Plaintiff"). Doc. 174 at 1, Ex. A at 22. Defendants suggest that the settlement agreement (resulting in $495,000 paid by the PCF to the Cardon Estate) was a product of misinformation–they did not verify until August 10, 2009, that Ms. Lutz carried a $1 million errors and omissions policy with the New Mexico Department of Insurance as an additional insured. Doc. 174 at 4. According to Defendants, "Dr. Ham's case did not settle prior to trial in large part because of Ms. Lutz's refusal to take a second look at the value of the [medical malpractice] case in the twelve days prior to trial." Doc. 195 at 9-10. Plaintiff contends that any such amendment is the product of undue delay, unduly prejudicial, and would be futile. Doc. 185 at 3. In their reply brief, Defendants argue that Plaintiff will try the "empty chairs" of Ms. Lutz and the PCF in the upcoming federal trial, that Defendants will be prejudiced if they are not allowed to have comparative bad faith apportioned between the Plaintiff and Ms. Lutz, and that there is a risk of inconsistent verdicts as Defendants pursue Ms. Lutz, the PCF, a state insurance official and a law firm, apparently elsewhere. Doc. 195 at 7, 9-10.

(2) <u>Standard for Amendment.</u>  Rule 15(a) provides that leave to amend should be freely given "when justice so requires." As a general rule, leave to amend will be granted absent a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility

2

of amendment."  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993); accord Foman v. Davis, 371 U.S. 178, 182 (1962).

(3) Timeliness.  Defendants maintain that the PCF, Ms. Lutz and others are responsible for any delay in seeking to amend their counterclaims and add Ms. Lutz as a third-party defendant.  As a result, they argue that their October 15, 2009, request for amendment is timely.

Months earlier, at her April 17, 2009, deposition, Ms. Lutz testified as to the errors and omissions policy that ostensibly served as the catalyst for the proposed amendment. Doc. 174, Ex. G at 107-08; Doc. 195 (Defendants' Reply Br.) at 2 ("On April 17, 2009, Defendants deposed Ms. Lutz and learned that she was required under her contract with the PCF to maintain an errors and omissions policy that may name the PCF as an additional insured.").  Though there were delays in producing the policy and taking certain depositions, the court agrees with Plaintiff that it was apparent that Defendants contemplated a cause of action against Ms. Lutz long before the instant motion was filed. Doc. 185 at 1.  Defendants so admit.  Doc. 195 (Defendants' Reply Br.) at 2 ("At the outset of this case, the Defendant, Dr. Ham, was initially preparing to name the PCF and Ms. Lutz as third party defendants for their failure to settle.").  The proposed amendment is untimely.  See Las Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990); First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127, 1133 (10th Cir. 1987).

3

(4) <u>Prejudice.</u>  Given the motion to amend and add a party, a court should consider any undue prejudice such an eleventh-hour amendment would cause the opposing party in its defense.  See <u>Bylin v. Billings</u>, 568 F.3d 1224, 1229 (10th Cir. 2009); <u>Minter v. Prime Equip. Co.</u>, 451 F.3d 1196, 1208 (10th Cir. 2009).  As Plaintiff points out, discovery has closed; dispositive motions have been filed, and trial is set for January 2010.  See <u>United States ex rel. Ritchie v. Lockheed Martin Corp.</u>, 558 F.3d 1161, 1167 (10th Cir. 2009) (adding a party would have required re-opening discovery and diminished opposing party's efforts in the case).  Defendants' response that both the Plaintiff and Defendants would need to undertake additional depositions and discovery, Doc. 195 at 8, does not ameliorate the prejudice to the Plaintiff.  Moreover, the proposed third-party defendant will surely raise the settlement as a bar to any action; indeed, Defendants explain that they would attempt to set aside their settlement with Ms. Lutz as soon as she were added.  Doc. 195 at 11.  Without question the proposed amendment would inject significant new legal and factual issues into the case.  Moreover, insofar as the "empty chairs" argument; that problem is of Defendants' own making—Defendants *settled* with the PCF and Ms. Lutz.  It is too late in the proceedings for the proposed amendment.  See <u>Zokari v. Gates</u>, 561 F.3d 1076, 1087 n.2 (10th Cir. 2009).

 NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendants-Counter-Plaintiffs' Motion to Amend Counterclaims and Add Third Party Complaint filed October 15, 2009 (Doc. 174) is denied.

DATED this <u>6th</u> day of November 2009, at Santa Fe, New Mexico.

                                                      */s/ Paul Kelly, Jr.*
                                                United States Circuit Judge
                                                Sitting by Designation

Counsel:

Harry Jesse Jacobus III, Jennifer G. Anderson, and Tim L. Fields, Modrall, Sperling, Roehl, Harris & Sisk PA, Albuquerque, New Mexico, for Plaintiff-Counter-Defendant.

Mark C. Dow and Simone M. Seiler, Bauman, Dow & Leon, PC, Albuquerque, New Mexico, for Defendants-Counter-Plaintiffs.