IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, <br><br> Plaintiff-Counter-Defendant, <br><br> v. <br><br> DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC., <br><br> Defendants-Counter-Plaintiffs, <br><br> and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ, <br><br> Defendant. | No. 1:08-cv-638 PK/ACT |

ORDER

THIS MATTER comes on for consideration of Defendants-Counter-Plaintiffs' Motion in Limine to Exclude Argument Regarding Non-Delegable Duties filed October 15, 2009 (Doc. 171). Upon consideration thereof, the motion is well taken and should be granted as qualified below.

(1) <u>Background.</u> Defendants-Counter-Plaintiffs Dr. Ham and AEC seek a ruling precluding argument by Plaintiff-Counter-Defendant APA that any acts or omissions of Lynn Sharp, Esq. caused Dr. Ham and AEC's damages. Doc. 171 at 1; Doc. 200 at 5.

Mr. Sharp was the lawyer hired by APA to defend Dr. Ham and AEC in the underlying malpractice case. Of course, as Plaintiff APA recognizes, any legal argument must be based upon evidence, so the motion may not be quite as simple as precluding argument.

(2) <u>Disposition.</u>  As clarified by the briefing, APA will *not* argue that it delegated its duty of good faith and fair dealing to Mr. Sharp, nor that Mr. Sharp is separately liable for the alleged bad faith of APA.  Doc. 186 at 2, 3.  Further, Dr. Ham and AEC will *not* pursue any claims against Mr. Sharp, nor any claims of vicarious liability against APA for the actions of Mr. Sharp.  Doc. 200 at 2.  Defendants rely upon New Mexico law holding that an insurer cannot delegate its duty of good faith and fair dealing.  See <u>Jessen v. Nat'l Excess Ins. Co.</u>, 776 P.2d 1244, 1248 (N.M. 1989); <u>Dellaira v. Farmers Ins. Exchange</u>, 102 P.3d 111, 114 (N.M. Ct. App. 2004).  According to Defendants, APA should not be able to argue that Mr. Sharp's defense strategy was the cause of their damages.  Doc. 171 at 5.

Plaintiff APA requests that the court not preclude evidence of (1) a time line and the substance of Mr. Sharp's reports to APA about his predictions regarding the outcome of the case at trial, and (2) Mr. Sharp's decision not to call a causation expert during the course of the underlying trial.  Doc. 186 at 3.  According to APA, item (2) is relevant because the damages in a bad faith failure to settle claim result from the jury verdict, and therefore the insurer ought to be able to inquire into the cause of the jury verdict.[1]

---

[1] The court recognizes that there is a split in authority as to the responsibility of an insurer for the conduct of counsel retained by the insurer.  <u>Compare</u> <u>Smoot v. State Farm Mut. Auto Ins. Co.</u>, 299 F.2d 525, 530 (5th Cir. 1962), *with* <u>Ingersoll-Rand Equip. Corp.</u>

The court will not preclude item (1) as such evidence is relevant to APA's actions concerning settlement which has a direct bearing on the bad faith failure to settle and related claims.  Defendants recognize as much.  Doc. 200 at 2.  The court will preclude evidence and argument concerning item (2) as it is persuaded that the insurer, which exercises significant control over the defense by virtue of the insurance contract, cannot shift liability for its alleged bad faith conduct onto defense counsel.  See Dairyland Ins. Co. v. Herman, 954 P.2d 56, 61 (N.M. 1997) ("Should an insurer, in violation of its duty of good faith, refuse to accept a reasonable settlement offer within policy limits, it will be liable for the entire judgment against the insured, including the amount in excess of policy limits.  The courts of this state will not permit insurers to profit by their own wrongs." (citations omitted)).  Moreover, the court notes that Defendants also would oppose such evidence on Fed. R. Evid. 403 grounds.  Doc. 171 at 6 (jury confusion).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendants-Counter-Plaintiffs' Motion in Limine to Exclude Argument Regarding Non-Delegable Duties filed October 15, 2009 (Doc. 171), is granted as set forth in this order.

DATED this 16th day of November 2009, at Santa Fe, New Mexico.

/s/ Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

---

v. Transp. Ins. Co., 963 F. Supp. 452, 454-55 (M.D. Pa. 1997).