IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, | |
| Plaintiff-Counter-Defendant, | No. 1:08-cv-638 PK/ACT |
| v. | |
| DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC., | |
| Defendants-Counter-Plaintiffs, | |
| and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ, | |
| Defendant. | |

ORDER

THIS MATTER comes on for consideration of Defendants-Counter-Plaintiffs' Motion in Limine to Exclude Irrelevant and Prejudicial Evidence filed October 15, 2009 (Doc. 170).  Upon consideration thereof,

(1) Background.  Defendants-Counter-Plaintiffs Dr. Ham and AEC seek a ruling precluding Plaintiff-Counter-Defendant APA from introducing any evidence pertaining to prior malpractice claims, malpractice litigation, and New Mexico Medical Board actions against Dr. Ham, including whether Dr. Ham was at fault in the underlying malpractice

case. Doc. 170 at 2, 5; Fed. R. Evid. 402, 403, 404.  Plaintiff APA responds that evidence of eight other malpractice cases filed against Dr. Ham while an APA-insured is particularly relevant given Dr. Ham and AEC's claim that APA has a pattern or practice of failing to settle and thereby exposing its physician-insureds to excess liability.  Doc. 188 at 1-2.  APA further argues that it must address the facts of the underlying malpractice case in the context of what information it had available when adjusting the claim.  Doc. 188 at 3-4.  Dr. Ham and AEC reply that the only pattern or practice evidence against AEC will begin in 2005, and therefore, prior malpractice cases (which predate 2005) are irrelevant.  Doc. 203 at 2.  They also reiterate that evidence of prior cases has little or no probative value, but would be extremely prejudicial.  Doc. 203 at 4-5.

    (2) <u>Disposition.</u>  Determining whether evidence is relevant and the danger of any unfair prejudice requires context after considering the purpose for which such evidence is offered.  The court will make admissibility rulings at trial as the parties seek to introduce the evidence.  Accordingly, the motion will be denied without prejudice.

    NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendants-Counter-Plaintiffs' Motion in Limine to Exclude Irrelevant and Prejudicial Evidence filed October 15, 2009 (Doc. 170), is denied without prejudice.

    DATED this <u>16th</u> day of November 2009, at Santa Fe, New Mexico.

                            _____
                            /s/ Paul Kelly, Jr.
                            United States Circuit Judge
                            Sitting by Designation

2