IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION,<br><br>  Plaintiff-Counter-Defendant,<br><br>v.<br><br>DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC.,<br><br>  Defendants-Counter-Plaintiffs,<br><br>and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ,<br><br>  Defendant. | No. 1:08-cv-638 PK/ACT |

ORDER

THIS MATTER comes on for consideration of Defendants-Counter-Plaintiffs' Motion for Partial Summary Judgment or, in the Alternative, Motion in Limine on Comparative Bad Faith or, in the Alternative, Motion for Certification to the Supreme Court of New Mexico filed October 15, 2009 (Doc. 172). Upon consideration thereof, the motion is well taken and should be granted insofar as a motion in limine precluding Plaintiff-Counter-Defendant APA from arguing comparative bad faith of the Patient's Compensation Fund (PCF). In all other respects, the motion should be denied.

(1) <u>Background.</u>  Defendants-Counter-Plaintiffs Dr. Ham and AEC seek to preclude APA from arguing comparative bad faith based on their actions or those of other third-parties.  Doc. 172 at 1.  They argue that no evidence would support such a defense vis-a-vis Dr. Ham or AEC.  Doc. 172 at 3-4; Doc. 208 at 2.  Plaintiff-Counter-Defendant APA maintains that comparative fault principles apply, but regardless it should be able to defend on the basis that it was unable to settle the underlying case because the PCF would not contribute settlement funds above APA's policy limits.  Doc. 187 at 1-2.  In their reply, Dr. Ham and AEC clarify "that the jury should have all the facts regarding APA and PCF's actions before it when determining whether APA committed bad faith."  Doc. 208 at 1.  Rather, they seek to preclude any argument that the PCF committed bad faith when it did not offer settlement funds before trial or for any other conduct.  Doc. 208 at 1-2.

(2) <u>Disposition.</u>  At best, the doctrine of comparative bad faith might be asserted against an insured by an insurer.  New Mexico has not decided whether such a defense might apply.  See <u>Jessen v. Nat'l Excess Ins. Co.</u>, 776 P.2d 1244, 1249 (N.M. 1989); N.M. UJI 13-1711, N.M.R. (committee commentary).  Since the New Mexico court considered the defense, the California Supreme Court rejected it.  <u>Kransco v. Am. Empire Surplus Lines Ins. Co.</u>, 2 P.3d 1, 9-12 (Cal. 2000); see also <u>Stephens v. Safeco Ins. Co.</u>, 852 P.2d 565, 567-68 (Mont. 1993); <u>Wailua Assocs. v. Aetna Cas. and Sur. Co.</u>, 183 F.R.D. 550, 559-63 (D. Haw. 1998).  It is unnecessary to decide the applicability of this defense in the insured vs. insurer context at this time, however, because no evidence

suggests that the insureds, Dr. Ham and AEC, breached any obligation to APA, the insurer.

Nor is there any evidence or authority that the PCF has a contractual duty to cooperate, defend or settle in conjunction with APA.  See N.M. Stat. §§ 41-5-6, -25; Lester ex rel. Mavrogenis v. Hall, 970 P.2d 590, 593-94 (N.M. 1998) (Medical Malpractice Act duties are created by statute).  Accordingly, there is no basis for APA to assert a comparative bad faith defense as to the PCF in this case.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Defendants-Counter-Plaintiffs' Motion for Partial Summary Judgment or, in the Alternative, Motion in Limine on Comparative Bad Faith or, in the Alternative, Motion for Certification to the Supreme Court of New Mexico filed October 15, 2009 (Doc. 172), is granted insofar as a motion in limine precluding Plaintiff-Counter-Defendant APA from arguing comparative bad faith of the PCF at trial.  In all other respects, the motion is denied.

DATED this 30th day of November 2009, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation