IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, | |
| Plaintiff-Counter-Defendant, | No. 1:08-cv-638 PK/ACT |
| v. | |
| DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC., | |
| Defendants-Counter-Plaintiffs, | |
| and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ, | |
| Defendant. | |

ORDER

THIS MATTER comes on for consideration of Plaintiff APA's Motion in Limine to Exclude Evidence of Other Malpractice Cases and Relationships with Other Defense Counsel Representing APA Insureds filed October 15, 2009 (Doc. 169).  Upon consideration thereof, the court will reserve ruling.

(1) <u>Background.</u>  Plaintiff-Counter-Defendant American Physicians Assurance Corporation ("APA") seeks to exclude evidence concerning other malpractice cases and relationship with former defense counsel on relevance grounds, Fed. R. Evid. 401, given

that each malpractice case and its defense turns on its own facts. Doc. 169 at 2-5. It further argues that the details of those cases and its relationship with former defense counsel will consume time, confuse the issues, and require those non-parties to become involved in this case. Doc. 169 at 2-5.

(2) <u>Disposition.</u>  The court ruled on a similar motion and the same course is appropriate here:

> Given that the adjustment of each medical malpractice case turns on it own facts, Defendants would have to show substantial similarity between APA's conduct in the underlying cases and its conduct in this one before such evidence would be relevant. Fed. R. Evid. 401, 402, 404(b); <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 538 U.S. 408, 415, 423 (2003).  Counsel are advised that the court will not entertain a series of mini-trials concerning the insurer's conduct in other cases; nor will such evidence be admitted if it would confuse the issues or take an inordinate amount of time. Fed. R. Evid. 403.

Doc. 198 at 2. Thus, Dr. Ham and AEC would be required to show substantial similarity between any restriction placed on Mr. Sharp and other defense counsel.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that a decision on Plaintiff APA's Motion in Limine to Exclude Evidence of Other Malpractice Cases and Relationships with Other Defense Counsel Representing APA Insureds filed October 15, 2009 (Doc. 169) will be deferred.

DATED this <u>30th</u> day of November 2009, at Santa Fe, New Mexico.

_____
Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

2