IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION,<br><br>    Plaintiff-Counter-Defendant,<br><br>v.<br><br>DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC.,<br><br>    Defendants-Counter-Plaintiffs,<br><br>and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ,<br><br>    Defendant. | No. 1:08-cv-638 PK/ACT |

ORDER

THIS MATTER comes on for consideration of Plaintiff APA's Motion in Limine to Exclude Evidence Relating to the October 2007 Meeting and Claim of Interference with Attorney-Client Relationship filed October 15, 2009 (Doc 164).  Upon consideration thereof, the motion will be denied as set forth in this order.

(1) <u>Background.</u>  Plaintiff-Counter-Defendant American Physicians Assurance Corporation ("APA") seeks to preclude disputed evidence that it instructed attorney Lynn Sharp not to have conversations with Dr. Ham about settlement of his claim or otherwise

interfered in the attorney-client relationship. Doc. 164 at 2-3. Mr. Sharp represented Dr. Ham in the underlying lawsuit. According to APA, this testimony is not relevant, Fed. R. Evid. 401, because Mr. Sharp testified he was not deterred in any way by APA and did discuss settlement. Doc. 164 at 3. Additionally, APA urges that the insurer controls the defense and constant updating of the insured is not required. Doc. 212 at 4. APA further argues that any minimal probative value is far exceeded by the danger of unfair prejudice and jury confusion, Fed. R. Evid. 403. Doc. 164 at 4-5. Defendants-Counter-Plaintiffs Dr. Ham and AEC argue that such evidence is pertinent to bad faith, "institutional bad faith" as well as a violation of the Insurance Practices Act. Doc. 191 at 5-6, 8. According to Dr. Ham and AEC, such evidence goes to intent and shows that APA preferred its own interests to that of its insured. Doc. 191 at 5, 7; see also Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co., 690 P.2d 1022, 1025-26 (N.M. 1984) (New Mexico does not adhere to any one definition of bad faith but insurer must give equal consideration to its interests and those of its insured).

(2) Disposition. To the extent that Mr. Sharp will testify that he was instructed by APA not to include Dr. Ham in case evaluation or to discuss the case (including settlement) with Dr. Ham, the court is inclined to allow such testimony. To be sure, the evidence is capable of different inferences, but counsel may argue that before the jury. The court will rule on the remainder of the evidence as it is offered presuming an objection.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff APA's Motion in Limine to Exclude Evidence Relating to the October 2007 Meeting and Claim of Interference with Attorney-Client Relationship filed October 15, 2009 (Doc 164), is denied in accordance with this order.

DATED this 30th day of November 2009, at Santa Fe, New Mexico.

*/s/ Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation