IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMERICAN PHYSICIANS
ASSURANCE CORPORATION,

       Plaintiff-Counter-Defendant,

v.

DONALD JAMES HAM, M.D.,
ALAMOGORDO EYE CLINIC, INC.,

       Defendants-Counter-Plaintiffs,

and THE ESTATE OF MARTHA
VALENCIA CARDON, DECEASED, by
and through Personal Representative
ELIZABETH ALVAREZ,

       Defendant.

No. 1:08-cv-638 PK/ACT

ORDER

THIS MATTER comes on for consideration of certain pending motions: (1)

APA's Motion for Summary Judgment Regarding Counter-Claims filed October 15, 2009

(Doc. 166), (2) APA's Motion in Limine to Exclude Portions of Burroughs' and Plitt's

Affidavits and to Exclude Testimony Relating to Credibility of Witnesses filed October

15, 2009 (Doc. 162), (3) APA's Motion in Limine to Exclude, as Substantive Evidence,

Portions of Dr. Ham's Affidavit filed October 15, 2009 (Doc. 167), and (4) APA's

Motion in Limine to Exclude Statements in Randy Burroughs' Affidavit filed October 15,

2009 (Doc. 168).  Upon consideration thereof, the court finds that the motions should be denied.

(1) Background.  Plaintiff-Counter-Defendant American Physicians Assurance Corporation ("APA") seeks summary judgment on Defendants-Counter-Plaintiffs' counterclaims and contends that it acted in good faith and did not breach its contract obligations.  Doc. 166 at 8-13.  Specifically, APA argues that it was not obligated to provide a bond or collateral far in excess of policy limits, that it satisfied its obligation to pay interest on the judgment given that it deposited policy limits with the state court, and that it did not violate the Insurance Practices Act.  Doc. 166 at 8-19.  It further argues that it simply had no opportunity to settle the underlying malpractice case before trial because the Estate of Cardon would not have accepted policy limits and the PCF was not willing to contribute before trial.  Doc. 166 at 19-21.  APA also has filed a variety of other motions in limine.

(2) Disposition.  The parties' summary judgment submissions have been evaluated in accordance with Fed. R. Civ. P. 56(c) and the standards set forth in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), and Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Certain factual disputes will require a trial.  To the extent that the other motions seek to exclude portions of affidavits, the court has now denied the parties' summary judgment motions and no affidavits will be admitted at trial absent a stipulation.  In other words, testimony will be live or by deposition only.

APA also objects to certain testimony of Steve Plitt and Randy Burroughs.  Doc. 162 at 2-4; Doc. 168 at 3-6.  Of course, no witness may testify as to what the law is or provide legal conclusions, but if an appropriate foundation is laid, Mr. Plitt may be able to testify as to relevant industry practices as applied to APA.  The court is not persuaded that Mr. Plitt's testimony encompasses credibility determinations (as suggested by APA), but such testimony must conform to Fed. R. Evid. 702 and 703.  Neither Mr. Burroughs nor Dr. Ham is an expert.  As fact witnesses, their testimony must be based upon personal knowledge and not inadmissible hearsay.  The court will consider objections to the testimony at trial.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) APA's Motion for Summary Judgment Regarding Counter-Claims filed October 15, 2009 (Doc. 166), is denied;

(2) APA's Motion in Limine to Exclude Portions of Burroughs' and Plitt's Affidavits and to Exclude Testimony Relating to Credibility of Witnesses filed October 15, 2009 (Doc. 162), is denied;

(3) APA's Motion in Limine to Exclude, as Substantive Evidence, Portions of Dr. Ham's Affidavit filed October 15, 2009 (Doc. 167), is denied; and

(4) APA's Motion in Limine to Exclude Statements in Randy Burroughs' Affidavit filed October 15, 2009 (Doc. 168), is denied.

3

DATED this <u>30th</u> day of November 2009, at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation