IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION,<br><br>    Plaintiff-Counter-Defendant,<br><br>v.<br><br>DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC.,<br><br>    Defendants-Counter-Plaintiffs,<br><br>and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ,<br><br>    Defendant. | No. 1:08-cv-638 PK/ACT |

ORDER

THIS MATTER comes on for consideration of Plaintiff APA's Motion for (1) Leave to File Motion for Partial Summary Judgment, and (2) Partial Summary Judgment on New Theory; or Alternatively for (3) Certification to New Mexico Supreme Court or Tenth Circuit, and (4) Reopening of Discovery filed April 7, 2010 (Doc. 310).  Also under consideration is Dr. Ham's Motion to Strike APA's Untimely Motion for Partial

Summary Judgment and APA's Motion for Leave to Conduct Additional Discovery filed April 12, 2010 (Doc. 313).  Upon consideration thereof, the motions are denied.[1]

New Mexico's Medical Malpractice Act generally places a $600,000 per-occurrence limit on certain damages from medical malpractice, with a $200,000 limit on a health care provider's personal liability.  N.M. Stat. § 41-5-6(A) & (D).  The court is obligated to construe the Act in accordance with its ordinary meaning.  Section 41-5-25(G) provides in pertinent part:

> G.  Upon receipt of one of the proofs of authenticity listed in this subsection, reflecting a judgment for damages rendered pursuant to the Medical Malpractice Act, the superintendent shall issue or have issued warrants in accordance with the payment schedule constructed by the court and made a part of its final judgment.  The only claim against the patient's compensation fund shall be a voucher or other appropriate request by the superintendent after he receives:
> . . . .
> (2) a certified copy of a court-approved settlement or certification of settlement made prior to initiating suit, signed by both parties, in excess of two hundred thousand dollars ($200,000) against a health care provider . . . .

The above section effectuates N.M. Stat. 41-5-6(D):  "Any amount due from a judgment or settlement in excess of two hundred thousand dollars ($200,000) *shall be paid* from the patient's compensation fund [PCF] *as provided in Section 41-5-25 NMSA 1978*." (emphasis added).

---

[1] The court initially denied APA's motion to expedite.  Doc. 321.  Rather than reply in full to Dr. Ham and AEC's response to its motion (Doc. 310), APA filed a consolidated partial reply and a response to Dr. Ham and AEC's motion to strike.  Doc. 332 at 1, n.1.  In view of the parties' illumination of the issues and the disposition below, a further reply by APA is not necessary.  Nor is a reply by Dr. Ham and AEC to APA's consolidated response to its motion to strike.

The statute provides that the superintendent of insurance may purchase insurance for the PCF and its obligations and, as custodian of the fund, must be notified of malpractice complaints. N.M. Stat. § 41-5-25(A). However, nothing in the statute suggests that the superintendent has the authority to reject a certified copy of a court-approved settlement and not seek payment. APA seeks partial summary judgment on the basis that it could not have acted in bad faith by failing to settle the Cardon estate's claim against Dr. Ham and AEC without assurance of the PCF's potential contribution. APA has consistently maintained that the PCF was unwilling to contribute funds in advance of trial. See Doc. 236 at 6 (Pretrial Order).

The court denies this motion as untimely. Although APA suggests that the impetus for the motion came at the January 4, 2010 pretrial conference, construction of the statute was inevitable and foreseeable. See, e.g., Docs. 226 at 3 (order on pretrial motion rejecting comparative bad faith of PCF filed November 30, 2009); Doc. 243 at 2-3 (APA's trial brief filed December 29, 2009) ("Dr. Ham has routinely propounded the speculative legal theory that if APA had tendered $200,000 in response to the Estate's $694,000 offer, Dr. Ham could have accepted the offer and somehow forced the PCF to tender, without its consent, the remaining $494,000 pursuant to the PCF's 'coverage obligations.'"); see also Doc. 192 at 15-16 (Dr. Ham and AEC's response to motion for summary judgment on counterclaims filed November 2, 2009); Doc. 172 at 4-5 (Dr. Ham and AEC's motion concerning comparative bad faith filed October 15, 2009);

Doc. 187 at 1-8 (APA's response filed November 2, 2009); Doc. 320, Ex. A at 73-75; 100-101 (Lutz April 17, 2009 deposition) & Ex. B (Lutz e-mail).

APA requests that the court treat its motion as one for reconsideration if not one for partial summary judgment. Docs. 310 at 2, n.1; 332 at 2. The court is not inclined to reconsider its earlier construction of the statute which rests upon its plain meaning. See Quynh Truong v. Allstate Ins. Co., 227 P.3d 73, 83-88 (N.M. 2010). Although APA argues that the mandatory nature of § 41-5-25(G) (and necessarily § 41-5-6(D)) expands an insurer's duty to effectuate settlements in excess of policy limits using PCF funds, the court does not agree. The Act plainly limits a health care provider's personal liability to $200,000, N.M. Stat. Ann. §§ 41-5-6(D), 41-5-7(E), and recognizes that the insurance contract provides the terms of coverage in conformity with the Medical Malpractice Act. See, e.g., N.M. Stat. Ann. §§ 41-5-26(C)(1) ("the insurer assumes all obligations to pay an award imposed against its insured *under the provisions of the Medical Malpractice Act*") (emphasis added); 41-5-7(H) (punitive damages may not be paid from the PCF nor an insurance contract that does not expressly provide such coverage).

While an insurer cannot be held liable for a negligent failure to settle, a claim (of course, supported by evidence) that an insurer failed to investigate the facts or the law in a competent manner can be evidence of bad faith. See Sloan v. State Farm Mut. Auto Ins. Co., 85 P.3d 230, 237-38 (N.M. 2004); Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co., 690 P.2d 1022, 1025 (N.M. 1984). When it comes to medical malpractice claims, an important part of the law is the language of the Medical Malpractice Act and

reasonable interpretations thereof.  Of course, each case turns on its own facts, but given (1) strong exposure to an excess judgment, (2) a less-than-searching understanding of the above provisions, (3) certain restrictions ostensibly imposed on the insureds' counsel concerning communications with the insureds on settlement matters, and (4) the timing of settlement offers and responses, a jury could conclude that the insurer may have placed its interests above that of its insureds in failing to settle.  See Sloan v. State Farm Mut. Auto Ins. Co., 360 F.3d 1220, 1225 (10th Cir. 2004); City of Hobbs v. Hartford Fire Ins., 162 F.3d 576, 584, 586 (10th Cir. 1998).

      The court declines to certify the suggested questions, Doc. 310 at 19, to the New Mexico Supreme Court or allow an interlocutory appeal to the Tenth Circuit pursuant to 28 U.S.C. § 1292(b).  Insofar as the request for additional discovery of Thomas Rushton, Morris Chavez, and PCF representative Erla Lutz, the court will deny this request after considering the factors suggested in Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987).  Suffice it to say that construction of the Medical Malpractice Act is a legal question and that APA plainly has evidence and witnesses that can address its current practice.[2]  Trial is imminent and this issue has been in the case for some time.

      Finally, the court declines to strike APA's motion—APA is entitled to advance its arguments and make its record given the multiple theories advanced by Dr. Ham and AEC in this case.

---

[2] APA confirms that "the Insurance Division has not promulgated formal regulations" but APA has submitted other evidence concerning the Division's requirements.  Doc. 332 at 2.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Plaintiff APA's Motion for (1) Leave to File Motion for Partial Summary Judgment, and (2) Partial Summary Judgment on New Theory; or Alternatively for (3) Certification to New Mexico Supreme Court or Tenth Circuit, and (4) Reopening of Discovery filed April 7, 2010 (Doc. 310) is denied;

(2) Dr. Ham's Motion to Strike APA's Untimely Motion for Partial Summary Judgment and APA's Motion for Leave to Conduct Additional Discovery filed April 12, 2010 (Doc. 313) is denied.

DATED this <u>6th</u> day of May 2010, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.<br>
United States Circuit Judge<br>
Sitting by Designation

Counsel:
Mark C. Dow, Christopher P. Bauman & Simone M. Seiler, Bauman, Dow & Leon, P.C., Albuquerque, New Mexico, for Defendants-Counter-Plaintiffs.

Timothy L. Fields, Jennifer G. Anderson, & H. Jesse Jacobus III, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico, and Floyd P. Bienstock & Jon T. Neumann, Steptoe & Johnson, LLP, Phoenix, Arizona, for Plaintiff-Counter-Defendant.