IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| AMERICAN PHYSICIANS ASSURANCE CORPORATION, | |
| Plaintiff-Counter-Defendant, | No. 1:08-cv-638 PK/ACT |
| v. | |
| DONALD JAMES HAM, M.D., ALAMOGORDO EYE CLINIC, INC., | |
| Defendants-Counter-Plaintiffs, | |
| and THE ESTATE OF MARTHA VALENCIA CARDON, DECEASED, by and through Personal Representative ELIZABETH ALVAREZ, | |
| Defendant. | |

ORDER SEALING CERTAIN PORTIONS OF THE RECORD

THIS MATTER comes on for consideration of the parties' Stipulated Motion for Order Sealing Portions of the Record filed June 30, 2010 (Doc. 366). Upon consideration thereof, the court finds that the parties have broadly divergent views as to the confidentiality and privileged nature of certain documents including the Madison Memo [275-3] and documents provided by APA to its insurance defense counsel at an October 2007 meeting. Given a settlement in this matter, these matters will not be resolved here. The court will seal the following documents to avoid broader dissemination from the court file.

(A)   Defendants' Brief in Support of Their Motion to Re-Open Discovery for Limited Purpose [Doc. 275 & Madison Memo 275-3];

(B)   Plaintiff APA's Emergency Motion and Memorandum in Support of Its Motion for Relief Regarding Unauthorized Disclosure of Confidential Work Product [Doc. 276];

(C)   Plaintiff APA's Sealed Response to Defendants' Motion to Re-Open Discovery for Limited Purpose [Doc. 279];

(D)   Affidavit of Carl Bettinger [Doc. 286];

(E)   Dr. Ham's Response to APA's Emergency Motion for Relief Regarding "Unauthorized" Disclosure of "Confidential Work Product" [Doc. 285];

(F)   Defendants'/Counterclaimants' Reply to Motion to Re-Open Discovery for Limited Purpose [Doc. 290];

(G)   APA's Reply in Support of Its Motion for Relief Regarding Unauthorized Disclosure of Confidential Work Product [Doc. 298];

(H)   APA's Motion in Limine to Preclude Stephen Durkovich from Testifying and to Preclude Dr. Ham from Arguing or Otherwise Suggesting that any Insurance Company Has Ever Effectuated an "End-Run" Around the New Mexico Patient Compensation Fund [Doc. 354], and exhibits 10 [Bettinger depo. excerpts] [Doc. 354-10], 11 [Kenny depo. excerpts] [Doc. 354-11], and 12 [Madison depo. excerpts] [Doc. 354-12] thereto; and

      (I)      Plaintiff APA's Motion in Limine to Exclude the Deckleva Memo and Testimony of William Madison and Rebecca Kenny [Doc. 355], and exhibits 1 [Bettinger depo. excerpts] [Doc. 355-1], 2 [Madison depo. excerpts] [Doc. 355-2], and 3 [Kenny depo. excerpts] [Doc. 355-3] thereto.

This order shall continue to be in full force and effect after the final disposition of this action.

IT IS SO ORDERED.

DATED this <u>12th</u> day of July 2010, at Santa Fe, New Mexico.

                                                */s/ Paul Kelly, Jr.*
                                                United States Circuit Judge
                                                Sitting by Designation